UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSICA GOBER,<br>14262 Black Canyon Ln.<br>Conroe, TX 77384<br><br>TIFFANY HO,<br>12723 Landview Dr.<br>Manassas, VA 20112<br><br>BENZA KENDRICK-LITHO,<br>4271 Bar Harbor Pl.<br>Olney, MD 20832<br><br>JASON MALDONADO,<br>6277 Vista Santa Clara<br>San Diego, CA 92154<br><br>SEAN MCCLARY,<br>3900 Morton Dr.<br>Richmond, VA 23223<br><br>ANGUSTIA PECK,<br>13925 E. Silver Pine Trl.<br>Vail, AZ 85641<br><br>ANDREA SASSARD,<br>2827 28th St. NW<br>Washington, DC 20008<br><br>and<br><br>DEVEN TIENES<br>2214 Cimmaron Dr.<br>Killeen, TX 76543<br><br>On behalf of themselves, and all<br>similarly situated persons,<br><br>  *Plaintiffs*,<br><br>v.<br><br>DOUGLAS COLLINS, | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No.: _____<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

1

| | |
|---|---|
| Secretary of the Department of | ) |
| Veterans Affairs | ) |
| | ) |
| ROBERT F. KENNEDY, JR., | ) |
| Secretary of the Department of Health | ) |
| and Human Services, | ) |
| | ) |
| SCOTT BESSENT, | ) |
| Secretary of the Department | ) |
| of the Treasury | ) |
| | ) |
| HOWARD LUTNICK, | ) |
| Secretary of the Department | ) |
| of Commerce | ) |
| | ) |
| and | ) |
| | ) |
| STEPHEN EHIKIAN, | ) |
| Acting Director of | ) |
| The Government Services Administration | ) |
| | ) |
| *Defendants*. | ) |
| | ) |
| Serve: | ) |
| Executive Office for the United | ) |
| States Attorney | ) |
| Civil Process Clerk | ) |
| 601 D St. NW | ) |
| Room 2242 | ) |
| Washington, DC 20530-0001 | ) |
| | ) |
| United States Department of Justice | ) |
| 950 Pennsylvania Avenue NW | ) |
| Washington, DC 20530-0001 | ) |
| | ) |
| Department of Veterans Affairs | ) |
| Office of the General Counsel | ) |
| 810 Vermont Avenue, NW | ) |
| Washington, DC 20420 | ) |
| | ) |
| Department of the Treasury | ) |
| Office of the General Counsel | ) |
| 1500 Pennsylvania Ave. NW | ) |
| Washington, DC 20220 | ) |
| | ) |
| Department of Commerce | ) |

|  |  |
|---|---|
| Office of the General Counsel<br>1401 Constitution Ave. NW<br>Washington, DC 20230 | )<br>)<br>)<br>) |
| Department of Health and Human Services,<br>Office of the General Counsel<br>200 Independence Ave. SW<br>Washington, DC 20201 | )<br>)<br>)<br>)<br>)<br>) |
| Government Services Administration<br>Office of the General Counsel<br>1800 F St. NW<br>Washington, DC 20405 | )<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT
## FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiffs, on their own behalf, and on behalf of the class of similarly situated federal probationary employees of the Department of Veterans Affairs, Department of the Treasury, Department of Commerce, Department of Health and Human Services, and the Government Services Administration (hereinafter "the Defendant Agencies"), bring suit in this Court to obtain injunctive and declaratory relief against the Defendant Agencies listed herein for violation of Plaintiffs' Fifth Amendment Constitutional due process rights, and bring suit pursuant to the Administrative Procedures Act, 5 U.S.C. § 706(2) *et seq.*, and state as follows:

### NATURE OF THE CASE

Plaintiffs herein bring suit to seek a remedy for what they allege to be unlawful and ultra vires termination of their employment with the Defendant Agencies. Although they worked at different federal agencies, Plaintiffs all have the following in common:

1) They were federal employees still in a probationary period;

3

2) They all were informed that their employment was being summarily terminated in between January 20, 2025, and the present;

3) All of them were terminated under the auspices of 5 U.S.C. §315.803-806;

4) All assert that their termination was not justified by any documented performance or conduct deficiency;

5) All assert that their termination was the result of unlawful action by Defendants;

6) And all assert that they are suffering real and ongoing irreparable reputational damage and stigma as a result of Defendants' unlawful actions.

All Plaintiffs assert that their Fifth Amendment substantive and procedural due process rights have been violated by their summary terminations as part of a *de facto* illegal reduction in force. Both the Office of Special Counsel, and the MSPB have concluded that terminations identical to the terminations of Plaintiffs likely violated applicable regulations and trespassed on due process rights. The issue is that despite this conclusion, employees are not being returned to work and are suffering serious hardships and irreparable reputational harm and stigmatization as administration officials drag their heels in returning employees to work.

Thus, Plaintiffs file suit on their own behalf, and on behalf of those similarly situated, asking the Court to provide injunctive relief in the form of an ORDER, mandating that the Defendant Agencies return Plaintiffs, and the putative class to work, and for any other relief the Court deems proper and appropriate.

## PARTIES

1. Plaintiffs are residents of multiple states, but all worked either locally or remotely via telework for agencies headquartered in the District of Columbia.

2. Plaintiff Jessica Gober is a resident of the state of Texas, and was employed by the National Institute of Standards and Technology, which is part of the Commerce Department, from April of 2024 to March 10, 2025.

3. Tiffany Ho is a resident of the Commonwealth of Virginia, and was employed by the Department of Veterans Affairs from December 30, 2024, to February 13, 2025.

4. Benza Kendrick-Litho is a resident of Maryland, and was employed by the Department of Health and Human Services Centers for Medicare and Medicaid Services from September 10, 2025, to February 15, 2025.

5. Jason Maldonado is a resident of California, and was employed by the Internal Revenue Service Criminal Investigations unit from September 9, 2024, to February 20, 2025.

6. Sean McClary is a resident of the Commonwealth of Virginia, and was employed in the Government Services Administration from July 28, 2024, to February 14, 2025.

7. Angustia Peck is a resident of Arizona, and was employed by the Veterans Administration from February 25, 2024 to February 24, 2025.

8. Andrea Sassard is a resident of the District of Columbia, and was employed by the National Oceanic and Atmospheric Administration under the Department of Commerce from September 9, 2024, to February 15, 2025.

9. Deven Tines is a resident of Texas, and was employed the National Institutes of Health in the Department of Health and Human Services from December 3, 2023, until February 15, 2025.

10. Defendants are the cabinet secretaries or leaders of administrative departments of the federal government of the United States of America.

## **JURISDICTION & VENUE**

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs'

causes of action arise under the Constitution and laws of the United States. This Court also has jurisdiction under 28 U.S.C. § 1361 because Plaintiffs seeks a declaratory order to compel officers and employees of the United States and its agencies to perform duties owed to Plaintiffs and required under law.

12. Sovereign immunity for non-monetary relief is waived under 5 U.S.C. § 702, which entitles Plaintiffs to relief when Defendant acted unconstitutionally and beyond statutory authority.

13. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) and (e).

## ADMINISTRATIVE EXHAUSTION

14. According to 5 U.S.C §315.801 *et seq.*, Plaintiffs do not have appeal rights directly to the MSPB under the Civil Service Reform Act unless their claims fit into one of three categories: a) they assert that their terminations were the result of their marital status; b) they assert their terminations were politically partisan; or c) they assert that their terminations related to conduct or matters that occurred prior to their appointment. *See* EXHIBIT 1.

15. Plaintiffs could file claims to the Office of Special Counsel alleging that their terminations constitute "prohibited personnel actions," which they have done.

16. However, the OSC has already opined on the matter, and has already determined that terminations identical to the ones at bar were prohibited personnel practices. *See* EXHIBIT 2.

17. On or about February 21, 2025, the OSC referred the matter to the MSPB, asking that the MSPB order the relator complainants back to work for 45-days pending the adjudication of the underlying matter.

18. On or about February 25, 2025, the MSPB granted the request from the OSC to return affected employees to work for at least 45-days, while the MSPB fully considers whether the

terminations were prohibited personnel practices. *See e.g.,* EXHIBIT 3.

19.     However, MSPB determined that it could only order back to work the John Doe relators, and not the other probationary employees who were similarly affected.

20.     MSPB also ordered employees of the Department of Agriculture to be returned to work. On information and belief, the USDA has not yet reinstated all of the terminated probationary employees.

21.     All Plaintiffs have attempted to exhaust administrative remedies by filing claims with both the OSC and the MSPB, but maintain that such is futile, and that what is needed is for this Court to ORDER the Defendant Agencies to return all affected employees to work for at least the pendency of this litigation.

22.     Plaintiffs further assert that if the White House is successful in removing one of the MSPB Board members, the Board will not have a quorum, and will not be able to rule on the ever-growing backlog of complaints (to the extent it has any jurisdiction or authority to order probationary employees back to work at all). *See* Reuters News Service, "*U.S. Federal Workers hit Back at Trump Mass Firings with Class Action Complaints*," by Daniel Wiessner, March 6, 2025:

> If [MSPB Board Member] Harris is ultimately removed, the board will not have a quorum of at least two members that can decide workers' appeals. The agency's resources are also likely to be strained by an influx of new cases. More than 4,800 appeals were filed between the week Trump took office and March 1, according to the board.

*Id.*

23.     Finally and most importantly, Plaintiffs assert that they are not obligated to administratively exhaust constitutional claims. *See Carr v. Saul*, 593 U.S. 83 (2021); *Turk v. Commissioner of Social Security*, 1:20-CV-02157-JRA, at *17 (N.D. Ohio Dec. 23, 2021) ("[a]

7

claimant does not need to exhaust a constitutional claim at the administrative level, but may first present such a claim at the district court level.").

## FACTS RELEVANT TO ALL PLAINTIFFS AND THE PUTATIVE CLASS

24. For reasons not material here, Plaintiffs were all considered "probationary" employees up until and on the date that they received notice of termination from their respective federal jobs.

25. All Plaintiffs assert that there was never any documented negative feedback or allegation of poor performance or poor conduct made about them by their supervisors or upper management.

26. All Plaintiffs assert that their termination letters did not identify any specific performance deficiency or example of poor conduct.

27. All Plaintiffs assert that by failing to identify in writing any specific basis for an assertion of poor performance or poor conduct, their terminations violated due process rights articulated in 5 U.S.C. §315.13.804.

28. All Plaintiffs assert that the accusation that their performance was unsatisfactory, or not in the public interest, is both objectively false and defamatory.

29. All Plaintiffs assert that they are suffering irreparable reputational harm as a result of Defendants' unjustified and unlawful action.

30. All Plaintiffs assert that they are suffering from the irreparable harm of the stigma and shame associated with being terminated by the United States government for poor performance or conduct, even if Defendants do not broadly publicize defamatory statements about Plaintiffs.

31. On information and belief, the MSPB is also no longer taking appeals of probationary employees.

## CLASS ACTION ALLEGATIONS

32. Plaintiffs bring this action on behalf of:

>All probationary employees of the Defendant Agencies terminated between January 20, 2025, to the present that received a termination communication stating that termination was due to poor performance, poor conduct, or performance not in the public interest, without any evidence of said poor performance, poor conduct or performance not in the public interest.

33. Class certification is appropriate under Fed. R. Civ. P. 23(a), (b)(1) and (b)(2), and alternatively, (b)(3).

34. The Class satisfies the numerosity requirement because, upon information and belief, it is composed of more than 4,000 employees. The number of class members is so large that joinder of all its members is impracticable.

35. Common questions of law and fact include:

   A. Whether or not the Office of Personnel Management (hereinafter "OPM") ordered Defendant Agencies to fire probationary employees even if there was no record of poor performance or poor conduct;

   B. Whether, upon receiving that instruction from OPM, the Defendant Agencies terminated probationary employees who did not have any poor performance or poor conduct, without considering performance or conduct issues for the terminated employees;

   C. Whether the letters written to probationary employees accused them of poor performance or poor conduct without any basis in fact or evidence, and without any detail providing basis for such terminations;

   D. Whether or not MSPB has the authority to order probationary employees back to work, when it does not have jurisdiction over the underlying claims;

   E. Whether Defendants' actions vis-à-vis Plaintiffs constituted a violation of their substantive and procedural due process rights;

   F. Whether Plaintiffs will be stigmatized by Defendants' actions in such a way that their due process rights have been violated;

   G. Whether Defendants' actions vis-a-vis Plaintiffs constituted prohibited personnel practices that violate the Administrative Procedures Act, and thus are no entitled to deference by this Court; and

   H. Whether Plaintiffs have suffered irreparable reputational harm and stigmatization as a result of Defendants' unlawful actions.

36. Plaintiffs' claims are typical of the claims of the Class because they are subject to the same decision and motivation, derived directly from an unlawful directive from the OPM to their respective agencies. Further, they have no interests that are antagonistic to the claims of the Class. They understand that this matter cannot be settled without the Court's approval.

37. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs are committed to the vigorous representation of the Class. Plaintiffs have hired adequate counsel in the Center for Employment Justice, whose lawyers collectively have decades of experience in litigating complex class actions.

38. Plaintiffs' counsel have agreed to advance the cost of the litigation contingent on the outcome of this case, and understand that no fee will be awarded without the Court's approval.

39. A class action is the superior method for the fair and efficient adjudication of this controversy. Joinder of all members of the class is impracticable, as the Plaintiff are located all over the country, and would require substantial and costly duplication of effort. Individual proceedings, therefore, would pose the risk of inconsistent adjudications. Plaintiffs are unaware of any difficulty in the management of this action as a class action.

40. This Class may be certified under Rule 23(b).

    A.     23(b)(1). Prosecution of separate actions by individual members would create the risk of (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendants, or (B) adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

    B.    23(b)(2). The party opposing the Class has acted on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole; or in the alternative

    C.    23(b)(3). This action is suitable to proceed as a class action under 23(b)(3) because questions of law and fact common to the members of the Class predominate over individual questions, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Given the nature of the allegations, no class member has an interest in individually controlling the prosecution of this matter.

## CLAIMS FOR RELIEF

### COUNT I
*(Violation of the Fifth Amendment to the Constitution –*
*Due Process Violation)*

41. Plaintiffs reference and incorporate all of the allegations in the previous paragraphs as if fully restated herein.

42. The Fifth Amendment to the Constitution protects against harms to a person's reputation caused by government actors, often referred to as "reputation plus" and "stigma plus" harms.

43. Plaintiffs have a clearly defined interest in the maintenance of their reputations as professionals.

44. Here, Plaintiffs were terminated under the auspices of their performance being poor.

45. Plaintiffs asserts that this characterization of their performance is patently and demonstrably false.

46. Plaintiffs have all suffered a material adverse action of a job loss, and direct damage to their reputations by Defendants' material and defamatory misrepresentation of their professional skills and performance.

47. Plaintiffs assert that the reasons given for theirs terminations are pretext to hide an unlawful motive.

48. As a direct result and proximate cause of Defendants' violation of Plaintiffs' Constitutional substantive due process rights, Plaintiffs have suffered harm, and seeks a remedy from this Court that reinstates them to their previous employment and otherwise makes them whole.

## COUNT II

*Violation of the Fifth Amendment to the Constitution –
Due Process Violation)*

49. Plaintiffs reference and incorporate all of the allegations in the previous paragraphs as if fully restated herein.

50. Defendants violated Plaintiffs' due process rights by terminating them without prior notice of performance deficiency, and without a right to respond to any claim that their performance was unsatisfactory.

51. Even if Plaintiffs were probationary employees, Defendant violated Plaintiffs' due process rights by violating the provisions of 5 C.F.R. § 315.803 and 5 C.F.R. §752.401.

52. As a direct result and proximate cause of Defendant's violation of Plaintiff's Constitutional substantive due process rights, Plaintiff has suffered irreparable reputational harm and stigma, and they seek a remedy from this Court that reinstates them to their previous employment and otherwise makes them whole.

## COUNT III

*(Violation of the Administrative Procedures Act 5 U.S.C. § 706(2))*

53. Plaintiffs reference and incorporate all of the allegations in the previous paragraphs as if fully restated herein.

54. Under the Administrative Procedures Act (hereinafter "APA"), a court shall "hold unlawful and set aside agency action found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . contrary to constitutional right, power, privilege, or immunity . . . without observance of procedure required by law . . . [or] . . . unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court." 5 U.S.C. § 706(2)(B).

55. Plaintiffs asserts that Defendants' characterization of their performance as "poor," and thus worthy of the severe sanction of termination was without basis in fact, and as such, qualifies as arbitrary and capricious.

56. Defendants' failure to provide Plaintiff with any notice, let alone written notice, of any deficiencies in their performance, or any opportunity to respond to concerns about their performance, constituted arbitrary and capricious conduct, and directly violated applicable regulations.

57. Defendants' actions vis-à-vis Plaintiffs are sufficiently severe and outrageous to warrant this Court's intervention

58. As a direct result and proximate cause of Defendants' violation of the APA, Plaintiffs have suffered harm, and seeks a remedy from this Court that reinstates them to their previous employment until legitimate and factually sound bases for termination are identified by Defendants, and otherwise to make Plaintiffs whole.

## COUNT IV

*(Plea for Writ of Mandamus under 28 U.S.C. §1361*
*--Plead in the alternative)*

59. Plaintiffs reference and incorporate all of the allegations in the previous paragraphs as if fully restated herein.

60. The provisions of 28 U.S.C. § 1361 provide a statutory basis for jurisdiction in cases seeking relief in the nature of mandamus against federal officers, employees, and agencies, and they provide for an independent cause of action in the absence of any other available remedies.

61. Defendants' actions, as set forth above, constitute plainly unlawful and unjustified actions.

62. Defendants did not have the right to deprive Plaintiffs of any and all substantive and procedural due process in terminating their employment.

63. If no other remedy is available to Plaintiffs, they asks for the issuance of a Writ of Mandamus ordering Defendants to reinstate them to their previous positions and otherwise make them whole.

## JURY TRIAL DEMAND

64. Plaintiff demands trial by jury for all claims so triable.

Respectfully submitted,

/s/Pamela M. Keith
Pamela M. Keith [Bar. No. 448421]
Scott M. Lempert [Bar. No. 1045184]
CENTER FOR EMPLOYMENT JUSTICE
650 Massachusetts Ave. NW
Suite 600
Washington, DC 20001
Tel: (202) 800-0292
Fax: (202) 807-5725

pamkeith@centerforemploymentjustice.com
slempert@centerforemploymentjustice.com
*Counsel for Plaintiffs*