UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSICA GOBER *et al.*,<br><br>                    *Plaintiffs,*<br><br>          v.<br><br>DOUGLAS COLLINS, *et al.*,<br><br>                    *Defendants.* | Civil Action No. 1:25-cv-00714-RC |

## DECLARATION OF ANNE BURNHAM

1.      I, Anne Burnham, declare the following to be true and correct. I am a Human Resources Consultant, Employee and Labor Relations for the Center of Expertise, Workforce Management and Consulting, Veterans Health Administration, U.S. Department of Veterans Affairs, ("VA" or "the Department"). I have held this position with VA since March 26, 2023.

2.      My duties include advising senior and field management officials, field human resources staff and employees on the application of laws, regulations and VA policy to various human resources scenarios which often includes the review of personnel records and data; revising policies pursuant to changes in the law in the area of employee and labor relations and advising senior leaders, management across the organization and field human resources staff regarding same; reviewing and drafting responses to requests for information from Congress, labor unions, and various other sources; reviewing and providing feedback on proposed legislation and its impacts on the workforce and agency policy; and various other duties as assigned.

3.      I make the statements herein on the basis of personal knowledge, as well as on information acquired by me in the course of performing my official duties.

4.      Workforce Management and Consulting provides human resources consultation for all parts of the Veterans Health Administration, including the VA Medical Center in Tucson, Arizona.

5.      Angustia Peck was employed as an Administrative Support Assistant at the Tucson, Arizona VA Medical Center from February 25, 2024, until she received a termination during probationary period on February 24, 2025.

6.      A subsequent review of Ms. Peck's record revealed that she completed her probationary period as of the end of her tour of duty (4:00 p.m.) on February 24, 2025. The termination notice dated February 24, 2025, did not include a time by which it was effective, so it was presumed effective at 11:59p.m. that day. Because Ms. Peck completed her probationary period prior to the effective time of the termination notice, she should not have received a termination during probationary period. *See* OPM Guide to Processing Personnel Actions, Ch. 31, Para. 5(b).

7.      Effective March 7, 2025, Ms. Peck's probationary termination was rescinded, and she was placed in a paid status for the period from February 25, 2025, through March 7, 2025.

8.      On March 10, 2025, Ms. Peck returned to full time, on-duty status with the Department.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing to be true and correct, to the best of my knowledge, information, and belief.

Executed this ____ 15th day of April 2025.

ANNE BURNHAM
Digitally signed by ANNE
BURNHAM
Date: 2025.04.15
13:38:55 -04'00'

Anne Burnham
Human Resources Consultant, Employee and Labor Relations
Workforce Management and Consulting
U.S. Department of Veterans Affairs